Considering the fact that there are many unpublished Ohio Court of Appeals cases that have been confirmed by the Supreme Court, by the overruling of motions to certify, and other actions, and thus have been adjudged as the law of the case by this highest tribunal, we are making it a point to obtain as many of these as possible, and print them in the Abstract, properly annotated. Any attorney who knows of such a case will confer a favor upon us by advising us as to it. Our system of publication will soon be so complete that we will cover such current cases, and it is only the pre-current ones we are seeking.

We are striving to make the Abstract not only a comprehensive law-giver, but to present its adjudged cases, and so classify and index them that it will be an easy law-finder. We realize that while it is essential that the lawyer should carry in his mind the fact that he has read a case on a certain subject, and possibly remember the points involved, what he most needs is to be able to turn to the case quickly, when he has need to consult it. Hence the importance of the system of Digesting the contents of the Abstract, by weekly and Cumulated Monthly Digests. The first issue of each month contains a reassembling of all the weeklies of the foregoing month in a complete digest, so that thereafter there is but one paper to look to for the case output of each month. The August Digest appears in this issue.

One of the component parts of every case, is what further adjudgment of it has been made by the court announcing the opinion. What discussion of it has been made by other judges, or what pro or con holding on the same matter has been promulgated by some higher tribunal, that effects it. Hence the importance to the lawyer of consulting the Abstract's Concordance before relying upon the value of a precedent.

# U. S. COURT OF APPEALS
### No. 525
### WELLMAN v. UNITED STATES
U. S. Court of Appeals, 6th Circuit
No. 3951.   Decided April 11, 1924

658. FORGERY—1. Employer who originated scheme for forging bills of lading and knew employe was issuing same could be convicted without further proof of knowledge. ing.

2. Employer who aided in issuing forged

333. CRIMINAL LAW—1. Jury may disregard testimony where it believes witness has wilfully testified falsely as to other facts.

2. Court of Appeals will not weigh evidence.

3. Evidence of prior transactions held admissible to prove criminal knowledge and intent in prosecution for forgery.

DONAHUE, C. J.

### Epitomized Opinion

Wellman was tried and convicted upon an indictment containing twenty counts, ten for forging and counterfeiting bills of lading and the other ten for uttering the same. At the time Wellman was President and General Manager of the E. L. Wellman Co., engaged in the business of buying and selling farm products. Drueke was employed by him as a bookkeeper and was Treasurer of the Company. The Company was financially unable to pay drafts and take up the bills of lading on grain shipped to its order. When these drafts were presented for payment Drueke would detach the original bill of lading from the draft, make a copy of the same and pin it to the draft, returning both the draft and counterfeit bill of lading to the bank. The original bill of lading would then be attached to a draft upon the Company's customers and deposited in the bank to the credit of the Company. Wellman originated the plan, which was subsequently carried out In affirming the judgment below the Court of Appeals ruled on the following assignments of error:

1. An employer who originated the plan of issuing counterfeit bills of lading and who knew that his employe was substituting forged bills of lading from originals, may be convicted of forging and uttering the forged bills without proof that he had actual knowledge of every forged bill issued by the employe.

2. The employer may be convicted of forging and uttering counterfeit bills of lading whether the employe in question actually performed the physical act of copying the bills of lading himself or directed some other employe to do it for him.

3. A jury which believes that a witness has knowingly and wilfully testified falsely as to certain facts may disregard his testimony as to other facts.

4. Whether the employer originated the scheme of issuing the forged bills of lading is a question for the jury.

5. The Circuit Court of Appeals in an error proceeding will not weight the evidence.

6. Evidence of prior transactions is held admissible to prove criminal knowledge and intent.

7. Where witness testified that defendant told him the plan had been used in another city it is proper to cross-examine the defendand as to his acquaintance with certain man in such other city and whether the defendant knew that such other person had been using fraudulent bills of lading.

8. Testimony as to the employe's income from sources other than his salary immaterial and irrelevant.

9. Refusal to instruct jury that promise of immunity was to be inferred from non-prosecution of employe who testified for the government held proper.

10. Refusal to permit cross-examination as to attitude of witness and his bank concerning immunity to employe held not error.

11. Exclusion of testimony as to defendant's reputation held proper in absence of a showing that the witness was qualified as a character witness.

12. Exclusion of testimony as to defendant's character held not reversible error in view of six separate witnesses relative thereto.

13. The court did not err in assuming that bills of lading were forged and uttered and the bank defrauded, where such elements of the crime were not in dispute and were established by uncontradicted evidence.

14. The charge was held not susceptible of construction that defendant could not relieve himself from further criminal responsibility by directing employe to stop such practice.

15. Failure of court to charge particularly as to the purpose for which testimony of character witnesses might be considered held not ground for reversal.

16. Instruction as to consideration of testimony of confessed accomplice held sufficient and refusal of requested instruction not error.

17. An employer who aided in substituting forged bills of lading for the originals was guilty of violating the statute making it an offense to forge or aid in forging a bill of ldaing and uttering the same.

Attorneys—Charles E. Ward, for Wellman; Edward J. Bowman, U. S. Attorney, and Howard A. Ellis, Assistant U. S. Attorney, for United States; all of Grand Rapids, Mich.

## OHIO SUPREME COURT

The following is the most complete and accurate List of Cases and Decisions Filed and Disposed of in this Court.

It is the Only List in which cases are Indexed and Annotated by back references to the place where they have formerly appeared, thus giving their complete record.

## WEEKLY REPORT OF NEW CASES DOCKETED

### INDEX OF CASES

Burkett v. Hess _____ 18765
Ohio Trac. Co. v. Baird_____ 18769
Richards v. Stratton _____ 18766
State ex v. Allen _____ 18767
State ex v. Brower _____ 18768
State ex v. Crawford Co. (Bd. Elec.)___ 18768

### Aug. 23

18765—E. L. Burkett v. D. W. Hess et al; motion to direct Summit Appeals to certify record. Mottinger & Evans, Akron, for plaintiff; Treadway & Marlett, Cleveland, for defendant.

18766—W. G. Richards v. Chas. Stratton; motion to direct Highland Appeals to certify record. Newby & Smith, Hillsboro, for plaintiff.

18767—State of Ohio ex rel v. K. B. Allen; error to Montgomery Appeals. J. A. Lutz, McCann & Whalen Dayton, for plaintiff; A. H. Scharrer, Pros. Atty., and R. E. Haskett, Dayton, for defendant.

### Aug. 29

18768—State of Ohio ex rel Arthuh A. Nixon v. Daniel C. Brower; petition to contest election in Montgomery county. Bert B. Buckley, Dayton, for plaintiff.

18769—Ohio Traction Co. v. Harold C. Baird; motion to direct Hamilton Appeals to certify record. De Camp, Sutphin & Brunsleve, Cincinnati, for plaintiff; Bolsinger & Bolsinger, Cincinnati, for defendant.

18770—State of Ohio ex rel Benjamin Meck, v. Board of Deputy State Supervisors of Election of Crawford County, in Mandamus.

# The Cleveland Law School

Law Department of Baldwin-Wallace College

**Opens its 28th Year on Monday, Sept. 15**

One of America's foremost Law Schools. Afternoon and Evening Sessions. Degree of LL. B. and preparation for the Ohio State Bar Examination. Over fifteen hundred graduates, now judges and practicing attorneys, speak for the success of the School.

**WILLIS VICKERY, LL. D.,**

Presiding Judge of Court of Appeals. 1336 Engineers Bldg.

Main 2533        Catalog upon request